1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 GREGORY W. STEWART,                          Case No.  1:19-cv-01331-JDP

12                     Petitioner,              FINDINGS AND RECOMMENDATIONS TO
                                                DISMISS PETITION FOR WRIT OF
13          v.                                  HABEAS CORPUS FOR LACK OF
                                                JURISDICTION
14 J. MACOMBER,
                                                OBJECTIONS DUE IN FOURTEEN DAYS
15                     Respondent.
                                                ECF No. 1
16
                                                ORDER DIRECTING CLERK OF COURT TO
17                                              ASSIGN CASE TO DISTRICT JUDGE

18

19          Petitioner Gregory W. Stewart, a state prisoner without counsel, seeks a writ of habeas

20 corpus under 28 U.S.C. § 2254.  ECF No. 1.  This matter is before the court for preliminary

21 review.  Under Rule 4 of the Rules Governing Section 2254 Cases, we must examine the habeas

22 corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is

23 not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

24 *Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  At this early stage, Rule 4 gives "courts an

25 active role in summarily disposing of facially defective habeas petitions."  *Ross v. Williams*, 896

26 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

27

28

Petitioner has filed numerous unsuccessful habeas cases in this court, many raising the same claims raised in the instant petition. Petitioner has not provided proof that he has received leave of the U.S. Court of Appeals for the Ninth Circuit to file a successive petition.

## I.      Discussion

A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). Discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018). A federal court must dismiss a successive petition that raises the same claims as a prior petition. *See* 28 U.S.C. § 2244(b)(1). The court must also dismiss a successive petition that raises a new claim unless the petitioner can show that the claim relies on (1) a new rule of constitutional law that applies retroactively, or (2) a new fact not previously discoverable through due diligence. 28 U.S.C. § 2244(b)(2)(A)-(B). The Court of Appeals, not a district court, decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*See also Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). Failure to obtain authorization from the appropriate Court of Appeals is a jurisdictional defect, and the district court presented with an unauthorized successive petition must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Petitioner challenges his 1994 conviction from the Merced County Superior Court for sale of a controlled substance. *See generally* ECF No. 1. Petitioner has unsuccessfully sought federal habeas relief relating to this conviction at least 22 times in the past.[1] Here, he raises claims of an

---

[1] *See Stewart v. McGrath*, No. 1:00-cv-5452-SMS (E.D. Cal. Sept. 24, 2002) (dismissed as untimely); *Stewart v. Sullivan*, No. 1:06-cv-1400-WMW (E.D. Cal. Mar. 17, 2008) (dismissed as successive), *Stewart v. Adams*, No. 1:09-cv-685-GSA (E.D. Cal. May 7, 2009) (same); *Stewart v. Adams*, No. 1:09-cv-2212-JLT (E.D. Cal. Jan. 29, 2010) (same), *Stewart v. Macomber*, No. 1:10-cv-954-AWL-DLB (E.D. Cal. Sept. 7, 2010) (same); *Stewart v. Macomber*, No. 1:11-cv-00814-DLB (E.D. Cal. June 1, 2011) (same); *Stewart v. Macomber*, No. 1:12-cv-00594-JLT (E.D. Cal.

2

unfair trial, unlawful search and seizure, ineffective assistance of counsel, and insufficient evidence. *See id*. at 4-5. This court has rejected those identical claims at least four times.[2] Therefore, we lack jurisdiction to consider the petition and recommend dismissal of the case. Moreover, petitioner is forewarned that continued filing of frivolous petitions may warrant his designation as a vexatious litigant. *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits).

## II.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

---

May 4, 2012) (same); *Stewart v. Macomber*, No. 1:14-cv-00266-AWI-MJS (E.D. Cal. April 4, 2014) (same); *Stewart v. Macomber*, No. 1:15-cv-51-SKO (Feb. 20, 2015) (same); *Stewart v. Macomber*, No. 1:15-1592-SMS (E.D. Cal. Mar. 2, 2016) (same); *Stewart v. Macomber*, No. 1:16-cv-948-EPG (E.D. Cal. July 25, 2016) (same); *Stewart v. Macomber*, No. 1:16-cv-1428-EPG (E.D. Cal. Nov. 8, 2016) (same); *Stewart v. Macomber*, No. 1:17-cv-415-AWI-JLT (E.D. Cal. May 25, 2017) (same); *Stewart v. Macomber*, No. 1:17-cv-683-SAB (E.D. Cal. June 14, 2017) (same); *Stewart v. Macomber*, No. 1:17-cv-1100-EPG (E.D. Cal. Sept. 28, 2017) (same); *Stewart v. Macomber*, No. 1:17-cv-1420-LJO-EPG (E.D. Cal. Dec. 12, 2017) (same); *Stewart v. Macomber*, No. 1:18-cv-00012-LJO-MJS (E.D. Cal. Feb. 12, 2018) (same); *Stewart v. Macomber*, No. 1:18-cv-00338-DAD-EPG (E.D. Cal. June 8, 2018); *Stewart v. Macomber*, No. 1:18-cv.01588-AWI-JLT (E.D. Cal. Mar. 8, 2019) (same); Stewart *v. Macomber*, No. 19-cv-00370-AWI-SKO (E.D. Cal. July 9, 2019; *Stewart v. Macomber*, No. 1:19-cv-1056-LJO-JLT (E.D. Cal. Sept. 11, 2019) (same); *Stewart v. Macomber*, No. 1:19-cv-00731-AWI-JDP (E.D. Cal. Jan. 23, 2020) (same).
[2] *See Stewart v. Macomber*, No. 1:09-cv-2212-JLT, ECF No. 10 (E.D. Cal. Mar. 4, 2010); *Stewart v. Macomber*, No. 1:12-cv-594-JLT, ECF No. 9 (E.D. Cal. May 4, 2012); *Stewart v. Macomber*, No. 1:17-cv-1100-EPG, ECF No. 7 (E.D. Cal. Sep. 7, 2017); *Stewart v. Macomber*, No. 1:19-cv-00731-AWI-JDP, ECF No. 8 (E.D. Cal. Jan. 23, 2020).

are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find our decision debatable or conclude that the petition should proceed further. Thus, we recommend that the court decline to issue a certificate of appealability.

**III.    Order**

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

**IV.    Findings and recommendations**

We recommend that the petition be dismissed without prejudice and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    February 9, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

4