UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>J. MACOMBER,<br><br>    Respondent. | No. 1:19-cv-01331-NONE-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION</u><br><br>(Doc. No. 7) |

Petitioner Gregory W. Stewart, a state prisoner proceeding without counsel in this action, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2020, the assigned magistrate judge issued findings and recommendations recommending the petition be dismissed due to this court's lack of jurisdiction over petitioner's unauthorized second or successive petition. (Doc. No. 7.) Those findings and recommendations were served on petitioner and contained notice that any objections thereto were due within fourteen (14) days. (*Id.*) On February 21, 2020, petitioner filed his objections to the findings and recommendations. (Doc. No. 8.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Petitioner has filed a successive petition for habeas relief and has failed to provide proof of leave from the Ninth Circuit Court of Appeals to proceed with a successive petition. Petitioner's objections note numerous filings before the Ninth Circuit but point to no order from that court granting him leave to file the present petition. Therefore, the court lacks jurisdiction to consider his petition.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

/////

Accordingly:

1. The findings and recommendations issued on February 10, 2020 (Doc. No. 7) are adopted in full;
2. The petition (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 4, 2020**

　　　　　　　　　　　　　　　　　　　　　　/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE